*Brian K. Hart* - Clerk of Court

## General Civil and Domestic Relations Case Filing Information Form

☐ Superior or ☒ State Court of ___Chatham County___ County

| For Clerk Use Only | |
|---|---|
| **Date Filed** ___10/2/2020___ <br> **MM-DD-YYYY** | **Case Number** ___STCV20-01830___ |

**Plaintiff(s)**

HELEN WATSON
_____
Last          First          Middle I.     Suffix     Prefix

RANDALL WATSON
_____
Last          First          Middle I.     Suffix     Prefix

_____
Last          First          Middle I.     Suffix     Prefix

_____
Last          First          Middle I.     Suffix     Prefix

**Defendant(s)**

SAM'S CLUB WEST
_____
Last          First          Middle I.     Suffix     Prefix

STORE MANAGER
_____
Last          First          Middle I.     Suffix     Prefix

JOHN DOE
_____
Last          First          Middle I.     Suffix     Prefix

_____
Last          First          Middle I.     Suffix     Prefix

**Plaintiff's Attorney** ___Dwight T. Feemster___ **State Bar Number** ___257253___ **Self-Represented** ☐

### Check one case type and one sub-type in the same box (if a sub-type applies):

**General Civil Cases**

- ☐ Automobile Tort
- ☐ Civil Appeal
- ☐ Contempt/Modification/Other Post-Judgment
- ☐ Contract
- ☐ Garnishment
- ☒ General Tort
- ☐ Habeas Corpus
- ☐ Injunction/Mandamus/Other Writ
- ☐ Landlord/Tenant
- ☐ Medical Malpractice Tort
- ☐ Product Liability Tort
- ☐ Real Property
- ☐ Restraining Petition
- ☐ Other General Civil

**Domestic Relations Cases**

- ☐ Adoption
- ☐ Contempt
  - ☐ Non-payment of child support, medical support, or alimony
- ☐ Dissolution/Divorce/Separate Maintenance/Alimony
- ☐ Family Violence Petition
- ☐ Modification
  - ☐ Custody/Parenting Time/Visitation
- ☐ Paternity/Legitimation
- ☐ Support – IV-D
- ☐ Support – Private (non-IV-D)
- ☐ Other Domestic Relations

☐ Check if the action is related to another action pending or previously pending in this court involving some or all of the same: parties, subject matter, or factual issues. If so, provide a case number for each.

_____     _____
Case Number                                         Case Number

☐ I hereby certify that the documents in this filing, including attachments and exhibits, satisfy the requirements for redaction of personal or confidential information in OCGA § 9-11-7.1.

☐ Is a foreign language or sign-language interpreter needed in this case? If so, provide the language(s) required.

_____ **Language(s) Required**

☐ Do you or your client need any disability accommodations? If so, please describe the accommodation request.

Version 1.1.20

Copy from re:SearchGA

**EXHIBIT A**

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| HELEN WATSON and | ) | |
| RANDALL WATSON , | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No.   STCV20-01830 |
| v. | ) | |
| | ) | |
| SAM'S CLUB WEST, and | ) | |
| STORE MANAGER ON | ) | |
| FEBRUARY 23, 2019 and JOHN DOE | ) | |
| 1-99 | ) | |
| | ) | |
| Defendants. | ) | |

### PLAINTIFFS' COMPLAINT

COME NOW HELEN WATSON and RANDALLWATSON, Plaintiffs in the above-styled action, and file this Complaint against the Defendants, SAM'S CLUB WEST, INC and STORE MANAGER ON FEBRUARY 23, 2019 and show the Court the following:

### VENUE AND JURISDICTION

1.  Plaintiffs BRENDA JOHNSON (hereinafter "HELEN" or "Plaintiff Helen") and RANDALL WATSON (hereinafter "RANDALL" or "Plaintiff RANDALL") are citizens of the State of Georgia and residents of Chatham County and are proper parties to this lawsuit.

2.  Defendant SAM'S CLUB WEST, INC. [hereinafter referred to as "SAM'S CLUB"] is a foreign corporation registered to do business in the State of Georgia. SAM'S CLUB has an office/store in Chatham County, Georgia and transacts business in Chatham County, Georgia and, therefore, is subject to venue in this Honorable Court. Service of the Summons and Complaint can be perfected upon its Registered Agent, THE CORPORATION COMPANY(FL) at 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

3.  Defendant Store Manager on February 23, 2019 [hereinafter Defendant Manager], at all

Copy from re:SearchGA

EXHIBIT A

times pertinent hereto was a manager of SAM'S CLUB'S store, located at 1975 E Montgomery Cross Rd, Savannah, GA 31406 [hereinafter referred to as "STORE #8202"]. Defendant Manager can be served with a copy of this Summons and Complaint at SAM'S CLUB, STORE #8202, located at 1975 E Montgomery Cross Rd, Savannah, GA 31406. Defendant's Sam's Club, its employees and Store Manager are sometimes collectively referred to hereinafter as "Defendants Sam's Club."

4.  Defendants John Doe 1-99 are various unknown entities or individuals who designed manufactured, marketed, sold, distributed, and maintained a folding chair that was on display at the SAM'S CLUB on February 23, 2019.

5.  Plaintiffs' Complaint arises out of an injury that Plaintiff Helen received while shopping at Defendants' place of business at 1975 E Montgomery Cross Rd, Savannah, GA 31406

6.  Jurisdiction and venue are proper in this Court.

**FACTS**

7.  Upon information and belief prior to February 23, 2019 the Defendant SAM'S CLUB had contracted with JOHN DOE(S) to purchase a folding chair to be sold by the Defendant Sam's Club. The folding chair was on the premises of the Defendant Sam's Club at store number 8202 on February 23, 2019.

8.  On February 23, 2019 Defendant Manager was an agent, employee and/or servant of Defendant Sam's Club and at all relevant times on said date was acting within the scope of his agency, employment, or service and under the authority or at the direction of Defendant Sam's Club. Defendant Sam's Club is liable to Plaintiff for all damages caused by Defendant Manager under the doctrine of respondent superior or vicarious liability.

9.  On or about February 23, 2019, Plaintiff Brenda was an invitee on the premises of Defendant

---

Copy from re:SearchGA

EXHIBIT A

Brian R. Hart - Clerk of Court

SAMS CLUB in its STORE #2860 [hereinafter "Store"] and was there shopping. At all times pertinent, the Defendants owed Plaintiff a duty to exercise ordinary care in keeping the premises of and approaches to the store safe.

10. The chair provided by the Defendant John Doe(s) was defective when it left the possession of the Defendant John Doe (s) and the defect caused injury to the Plaintiff Helen, Defendants John Doe(s) are strictly liable to Plaintiff for the injures caused by the defective chair.

11. Contemporaneously with the presence of the plaintiff Helen on the premises of store number 2860 the Defendants Sam's Club had placed the folding chair in a display with other assorted chairs for its customers to view, try out and possibly purchase. The plaintiff Helen sat down in the folding chair and the chair immediately collapsed resulting in injury to the Plaintiff Helen.

12. Plaintiff' injuries were proximately caused by the negligence of Defendant Sam's Club and/or its employees, Store Manager and John Doe(s). The Defendants Sam's Club, in the exercise of ordinary care, knew or should have known of the defect in the chair. The Plaintiff had no constructive or actual knowledge of the defect in the chair and in the exercise of ordinary care for her own safety was not able to detect the defect The presence of the defect could have been prevented, discovered and remedied by the Defendants in the exercise of ordinary care before the Plaintiff was injured. Plaintiff Helen suffered damages because of the failure of the Defendants to exercise due care in inspecting, maintaining the chair, and/or removing the chair from the display.

---

Copy from re:SearchGA

EXHIBIT A

## COUNT ONE
## FAILURE TO MAINTAIN PREMISES

Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 10 of this Complaint as if repeated herein as paragraph No. 13.

14.  At all relevant times, Defendants owed Plaintiff a duty to maintain Defendants' premises and inventory in a safe condition.

15.  Defendants breached the duty owed to Plaintiff by failing to maintain the folding chair in a safe condition.

16.  Defendants' negligent, careless, and reckless conduct is the direct and proximate cause of Plaintiff's damages.

## COUNT TWO
## FAILURE TO WARN

Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 16 of this Complaint as if repeated herein as paragraph No. 17.

18.  At all relevant times, Defendants owed Plaintiff a duty to warn Plaintiff of the defective or dangerous condition of the folding chair in the defendant Sam's Club store

19.  Defendants breached its duty owed to Plaintiff when Defendants failed to warn Plaintiff of the dangerous condition of the defect in the folding chair

20.  Defendants' negligent, careless, and reckless conduct is the direct and proximate cause of Plaintiff's damages.

## COUNT THREE
## FAILURE TO INSPECT

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 20 of this Complaint as if repeated herein as paragraph No. 21.

Copy from re:SearchGA

EXHIBIT A

22. At all relevant times, Defendants owed Plaintiff a duty to inspect Defendants' premises, inventory, and merchandise for dangerous or defective conditions.

23. Defendants breached their duty owed to Plaintiff by failing to inspect the premises, inventory and merchandise for dangerous or defective conditions. Such breach constitutes negligence.

24. As a direct and proximate result of Defendants' negligence Plaintiff suffered severe bodily injuries including serious and permanent physical injuries, substantial and continuing pain, suffering, emotional pain and discomfort, both past and future, and medical expenses, both past and future.

25. As a direct and proximate result of Defendants' negligence Plaintiff is entitled to an award of special damages for past and future medical expenses in an amount to be shown at trial, and general damages in an amount to be determined by a jury of Plaintiff's peers against Defendants, all in an amount in excess of $10,000.00.

26. Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense. Therefore, pursuant to O.C.G.A. §13-6-11, Plaintiff requests that she be awarded the expenses of this litigation, including reasonable attorney fees.

## <u>COUNT FOUR</u>
## <u>RESPONDEAT SUPERIOR</u>

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 26 of this Complaint as if repeated herein as paragraph No. 27.

28. An employee or employees of Defendant SAM's CLUB was negligent in maintaining the cleanliness of the floor and performance of his or her duties and as a result, Defendant SAM'S CLUB is liable for the damages suffered by Plaintiff Helen Watson.

---

Copy from re:SearchGA

EXHIBIT A

## COUNT FIVE
## NEGLIGENT TRAINING/SUPERVISION

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 28 of this Complaint as if repeated herein as paragraph No. 29.

30.    Defendant Manager was the manager of SAM'S Club Store #2860 before and at the time of the incident in question. Defendant Manager was negligent in his training and supervision of employees of Defendant SAM's CLUB in that he/she did not properly train or supervise the employees in the manner of performing their duties, and as a result, Brenda suffered injuries.

## COUNT SIX
## RES IPSA LOQUITER

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 30 of this Complaint as if repeated herein as paragraph No. 31.

32.    The injuries suffered by Plaintiff are the kind which ordinarily does not occur in the absence of someone's negligence.

33.    At all times pertinent hereto the folding chair was within the exclusive control of the Defendant's SAM'S CLUB.

34.    The defective condition of the folding chair and the injuries suffered by the Plaintiff were not due to any voluntary action or contribution on the part of the plaintiff.

35.    Accordingly, the Defendants Sam Club are liable to the Plaintiff for her damages.

## COUNT SEVEN
## PRODUCTS LIABILITY
## STRICT LIABILITY

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 35 of this Complaint as if repeated herein as paragraph No. 36.

37.    The folding chair was in a defective condition when it left the possession of the Defendant's John Doe 1-99 and said defect caused the injuries suffered by the Plaintiff.

---

*Watson, et al v. Sam's Club, et al*
State Court of Chatham County, Georgia
Civil Action No. STCV20-_____

COMPLAINT
Page 6 of 10

Copy from re:SearchGA

EXHIBIT A

38.     Accordingly, Defendant John Doe 1 is strictly liable to the Plaintiffs for the injuries and

damages suffered as alleged herein.

**COUNT EIGHT**
**PRODUCTS LIABILITY**
**NEGLIGENCE**

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through

38 of this Complaint as if repeated herein as paragraph No. 39.

40.     Defendants John Doe owed a duty to the Plaintiff to ensure that the Defendants Sam's Club

were familiar with the folding chair and its safe operation and maintenance and the Defendant

John Doe failed to adequately train or inform the Defendants Sam's Club of the proper use ,

operation and maintenance of said folding chair and as a result thereof the plaintiff suffered

the injuries complained of herein.

**COUNT NINE**
**LOSS OF CONSORTIUM**

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1

through 40 of this Complaint as if repeated herein as paragraph No. 41.

42.     Helen was married to Randall at the time of the incident and has continued to be married to

Randall. As a result, Plaintiff Randall has suffered a loss of consortium and is entitled to be

compensated for his loss.

WHEREFORE, Plaintiffs pray as follows:

(a)     For a jury of twelve;

(b)     For judgment against the Defendants in an amount to compensate Plaintiff Helen for

her special damages, including medical bills and other special damages;

---

Copy from re:SearchGA

EXHIBIT A

(c)     For judgment against the Defendants in an amount to compensate Plaintiff HELEN for her general damages, including pain and suffering, great inconvenience, mental stress, worry, anxiety and other general damages.

(d)     For judgment against Defendants in an amount to compensate Plaintiff RANDALL for his loss of consortium;

(e)     For such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted, this 2nd day of October 2020.

**DUFFY & FEEMSTER, LLC**

340 Eisenhower Drive
Suite 800, Second Floor
Savannah, GA 31406
Phone: (912) 236-6311
Fax: (912) 236-6423
Dwight@duffyfeemster.com

*/s/ Dwight T. Feemster*
DWIGHT T. FEEMSTER
Georgia State Bar No. 257253
*Attorney for Plaintiffs*

---

*Watson, et al v. Sam's Club, et al*
State Court of Chatham County, Georgia
Civil Action No. STCV20-_____

COMPLAINT
Page 8 of 10

Copy from re:SearchGA

**EXHIBIT A**

# IN THE STATE COURT OF CHATHAM COUNTY
# STATE OF GEORGIA

| | | |
|---|---|---|
| HELEN WATSON and | ) | |
| RANDALL WATSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. STCV20-01830 |
| v. | ) | |
| | ) | |
| SAM'S CLUB WEST, and | ) | |
| STORE MANAGER ON | ) | |
| FEBRUARY 23, 2019 and JOHN DOE | ) | |
| 1-99 | ) | |
| | ) | |
| Defendants. | ) | |

## RULE 3.2 CERTIFICATION AND STANDING ORDER NOTICE

Pursuant to Rule 3.2 of the Uniform Superior Court Rules, I hereby certify that:

__X__    No case has heretofore been filed in the Superior Court of the Eastern Judicial Circuit involving substantially the same parties or substantially the same subject matter or substantially the same factual issues which would require the petition-pleading to be specifically assigned to the judge whom the original action was or is assigned.

_____    This petition/pleading involves substantially the same parties or substantially the same subject matter or substantially the same factual issues as in case _____.

Respectfully submitted this 2nd day of October, 2020.

**DUFFY & FEEMSTER, LLC**

_/s/ Dwight T. Feemster_____
DWIGHT T. FEEMSTER
Georgia State Bar No. 257253
_Attorney for Plaintiff_

340 Eisenhower Drive
Suite 800, Second Floor
Savannah, GA 31406
Phone: (912) 236-6311
Fax: (912) 236-6423
Dwight@duffyfeemster.com

---

Copy from re:SearchGA

EXHIBIT A

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

HELEN WATSON and ) 
RANDALL WATSON, ) 
  ) 
     Plaintiffs, ) 
  )     Civil Action No. STCV20-01830 
v. ) 
  ) 
SAM'S CLUB WEST, and ) 
STORE MANAGER ON ) 
FEBRUARY 23, 2019 and JOHN DOE ) 
1-99 ) 
  ) 
     Defendants. ) 

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

Store Manager on 
February 23, 2019 
Store #8202 
1975 E Montgomery Cross Road 
Savannah, GA 31406

You are hereby summoned and required to file with the clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Dwight T. Feemster, Esq. 
DUFFY & FEEMSTER, LLC 
340 Eisenhower Drive 
Suite 800, Second Floor 
Savannah, GA 31406

an answer to the complaint, which is herewith served upon you, within 30 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgement by default will be taken against you for the relief demanded in the complaint.

This 2nd day of October, 2020.

BRIAN K. HART, CLERK 
STATE COURT OF CHATHAM COUNTY 
PO BOX 9927 
SAVANNAH, GA 31412 
(912) 652-7224

BY:   /s/ Moneisha Green 
_____ 
Deputy Clerk

Copy from re:SearchGA

**EXHIBIT A**

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| HELEN WATSON and | ) | |
| RANDALL WATSON, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. STCV20-01830 |
| v. | ) | |
| | ) | |
| SAM'S CLUB WEST, and | ) | |
| STORE MANAGER ON | ) | |
| FEBRUARY 23, 2019 | ) | |
| | ) | |
| Defendants. | ) | |

## SUMMONS

TO THE ABOVE-NAMED DEFENDANT:

Sam's Club West, LP d/b/a Sam's Club, Inc.
c/o The Corporation Company (FL)
112 North Main Street,
Cumming, GA 30040

You are hereby summoned and required to file with the clerk of said Court and serve upon Plaintiff's Attorney, whose name and address is:

Dwight T. Feemster, Esq.
DUFFY & FEEMSTER, LLC
340 Eisenhower Drive
Suite 800, Second Floor
Savannah, GA 31406

an answer to the complaint, which is herewith served upon you, within 30 days after the service of this summons upon you, exclusive of the day of service. If you fail to do so, Judgement by default will be taken against you for the relief demanded in the complaint.

This 2nd day of October, 2020.

BRIAN K. HART, CLERK
STATE COURT OF CHATHAM COUNTY
PO BOX 9927
SAVANNAH, GA 31412
(912) 652-7224

BY: /s/ Moneisha Green
_____
Deputy Clerk

Copy from re:SearchGA

EXHIBIT A

# *In The State Court of Chatham County*

**www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org**

*Return of Service in the matter of:*

Case Number STCV20-01830

**HELEN WATSON and**

**RANDALL WATSON**

Cause of Action **TORT Other**

**Dwight T. Feemster, Esq.**

Plaintiff (s)

**Vs**

**SAM'S CLUB WEST, and STORE MANAGER ON**

Plaintiff or Plaintiff's Attorney)

**FEBRUARY 23, 2019**

Defendant(s)

*NAME and ADDRESS of the PERSON TO BE SERVED*

**Store Manager on February 23, 2019**

**Sam's Club, 1975 E Montgomery Cross Road**

**Savannah, GA 31406**

Garnishee

# *SHERIFF'S  RETURN  OF  SERVICE*

**I do hereby certify that I am a duly sworn sheriff / deputy sheriff;  that I have made a diligent search of the jurisdiction and report the result of that effort below, pursuant to OCGA 9-11-4.**

I further certify that on the _____ day of _____, 20 __  I did serve the summons and complaint on the above named defendant at _____ (*Street Address*) _____ (*City / State / Zip*)  a place, by:

☐ **PERSONAL SERVICE**   I have this day served the Defendant, _____with a true copy of the within petition and summons.

☐ **RESIDENTIAL  SERVICE**   I have this day served the Defendant, _____with Sui Juris, a true copy of the within petition and summons by serving same upon _____**,** a person, residing residing within the premises.

☐ **CORPORATE SERVICE**   I have this day served the Defendant,_____ a corporation, with a true copy of the within petition and summons by handing the same in person to_____officer of the corporation.

☐ **TACKED AND MAILED SERVICE**   I have this day executed the within Affidavit and Summons by tacking a copy of the within process on the door of the premises designated in said action and also by depositing a true copy thereof in the United States mail in a properly addressed envelope marked for the Defendant at his last known address with sufficient postage affixed thereto.

☐ **GARNISHEE**   I have this day served the Summons of garnishment upon _____by handing the original of same to _____, a person, at _____, he/she being the_____ and agent in charge of_____ at the time of service in Chatham County.

☐ **MAILED  SERVICE**   This is to certify that I have this day served the defendant,_____with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail, in an envelope properly addressed to the defendant at his last known address as shown in said Affidavit, with adequate postage affixed thereon.

☐ **DILIGENT SEARCH**   Diligent search was made and Defendant is not to be found in the jurisdiction, Chatham County.

_____
Sheriff / Deputy Sheriff, _____County, Georgia



**PRINT**  SearchGA

**EXHIBIT A**
**CLERK'S COPY**

23. Sheriff's Entry of Service  09-11

# *In The State Court of Chatham County*

**www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org**

*Return of Service in the matter of:*

Case Number ___STCV20-01830___

HELEN WATSON and

Cause of Action **TORT Other**

RANDALL WATSON

**Dwight T. Feemster, Esq.**

Plaintiff (s)

**Vs** **SAM'S CLUB WEST, and STORE MANAGER ON**

Plaintiff or Plaintiff's Attorney)

**FEBRUARY 23, 2019**

*NAME and ADDRESS of the PERSON TO BE SERVED*

Defendant(s)

**Store Manager on February 23, 2019**

**Sam's Club, 1975 E Montgomery Cross Road**

**Savannah, GA 31406**

Garnishee

# *SHERIFF'S RETURN OF SERVICE*

**I do hereby certify that I am a duly sworn sheriff / deputy sheriff; that I have made a diligent search of the jurisdiction and report the result of that effort below, pursuant to OCGA 9-11-4.**

I further certify that on the _____ day of _____, 20 _ I did serve the summons and complaint on the above named defendant at _____ (*Street Address*) _____ (*City / State / Zip*) a place, by:

☐ **PERSONAL SERVICE** I have this day served the Defendant, _____with a true copy of the within petition and summons.

☐ **RESIDENTIAL SERVICE** I have this day served the Defendant, _____with Sui Juris, a true copy of the within petition and summons by serving same upon _____, a person, residing residing within the premises.

☐ **CORPORATE SERVICE** I have this day served the Defendant,_____ a corporation, with a true copy of the within petition and summons by handing the same in person to_____officer of the corporation.

☐ **TACKED AND MAILED SERVICE** I have this day executed the within Affidavit and Summons by tacking a copy of the within process on the door of the premises designated in said action and also by depositing a true copy thereof in the United States mail in a properly addressed envelope marked for the Defendant at his last known address with sufficient postage affixed thereto.

☐ **GARNISHEE** I have this day served the Summons of garnishment upon _____ by handing the original of same to _____, a person, at _____, he/she being the_____ and agent in charge of_____ at the time of service in Chatham County.

☐ **MAILED SERVICE** This is to certify that I have this day served the defendant,_____with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail, in an envelope properly addressed to the defendant at his last known address as shown in said Affidavit, with adequate postage affixed thereon.

☐ **DILIGENT SEARCH** Diligent search was made and Defendant is not to be found in the jurisdiction, Chatham County.

_____
Sheriff / Deputy Sheriff, _____County, Georgia

PRINT   SearchGA

**EXHIBIT A**


23. Sheriff's Entry of Service  09-11

# In The State Court of Chatham County

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

**Return of Service in the matter of:**

Case Number _____  STCV20-01830

**HELEN WATSON and**

Cause of Action **TORT Other** _____

**RANDALL WATSON**

**Dwight T. Feemster, Esq.** _____

Plaintiff (s)
(Plaintiff or Plaintiff's Attorney)

**Vs** **SAM'S CLUB WEST, and STORE MANAGER ON**

***NAME and ADDRESS of the PERSON TO BE SERVED***

**FEBRUARY 23, 2019**

Defendant(s)

**Store Manager on February 23, 2019** _____

**Sam's Club, 1975 E Montgomery Cross Road** _____

**Savannah, GA 31406** _____

Garnishee

# SHERIFF'S RETURN OF SERVICE

**I do hereby certify that I am a duly sworn sheriff / deputy sheriff; that I have made a diligent search of the jurisdiction and report the result of that effort below, pursuant to OCGA 9-11-4.**

I further certify that on the _____ day of _____, 20 __ I did serve the summons and complaint on the above named defendant at _____ (*Street Address*)
_____ (*City / State / Zip*) a place, by:

☐ **PERSONAL SERVICE**  I have this day served the Defendant, _____ with a true copy of the within petition and summons.

☐ **RESIDENTIAL SERVICE**  I have this day served the Defendant, _____ with Sui Juris, a true copy of the within petition and summons by serving same upon _____**,** a person, residing residing within the premises.

☐ **CORPORATE SERVICE**  I have this day served the Defendant, _____ a corporation, with a true copy of the within petition and summons by handing the same in person to_____ officer of the corporation.

☐ **TACKED AND MAILED SERVICE**  I have this day executed the within Affidavit and Summons by tacking a copy of the within process on the door of the premises designated in said action and also by depositing a true copy thereof in the United States mail in a properly addressed envelope marked for the Defendant at his last known address with sufficient postage affixed thereto.

☐ **GARNISHEE**  I have this day served the Summons of garnishment upon _____ by handing the original of same to _____, a person, at _____, he/she being the_____ and agent in charge of_____ at the time of service in Chatham County.

☐ **MAILED SERVICE**  This is to certify that I have this day served the defendant,_____ with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail, in an envelope properly addressed to the defendant at his last known address as shown in said Affidavit, with adequate postage affixed thereon.

☐ **DILIGENT SEARCH**  Diligent search was made and Defendant is not to be found in the jurisdiction, Chatham County.

_____
Sheriff / Deputy Sheriff, _____ County, Georgia

**PRINT**    SearchGA

**EXHIBIT A**
**SHERIFF'S COPY**

23. Sheriff's Entry of Service  09-11

# *In The State Court of Chatham County*

www.statecourt.org · Phone (912) 652-7224 · FAX (912) 652-7229 · clerk@statecourt.org

*Return of Service in the matter of:*

Case Number _____STCV20-01830_____

**HELEN WATSON and**

**RANDALL WATSON**

Cause of Action   **TORT Other**

**Vs** **SAM'S CLUB WEST, and STORE MANAGER ON**

Plaintiff (s)

**Dwight T. Feemster, Esq.**

Plaintiff or Plaintiff's Attorney)

**FEBRUARY 23, 2019**

Defendant(s)

*NAME and ADDRESS of the PERSON TO BE SERVED*

**Store Manager on February 23, 2019**

**Sam's Club, 1975 E Montgomery Cross Road**

**Savannah, GA 31406**

Garnishee

## *SHERIFF'S  RETURN  OF  SERVICE*

**I do hereby certify that I am a duly sworn sheriff / deputy sheriff;  that I have made a diligent search of the jurisdiction and report the result of that effort below, pursuant to OCGA 9-11-4.**

I further certify that on the _____ day of _____, 20 __  I did serve the summons and complaint on the above named defendant at _____ (*Street Address*)
_____ (*City / State / Zip*)  a place, by:

☐ **PERSONAL SERVICE**   I have this day served the Defendant, _____with a true copy of the within petition and summons.

☐ **RESIDENTIAL  SERVICE**   I have this day served the Defendant, _____with Sui Juris,

a true copy of the within petition and summons by serving same upon _____**,** a person, residing residing within the premises.

☐ **CORPORATE SERVICE**   I have this day served the Defendant,_____ a corporation, with a true

copy of the within petition and summons by handing the same in person to_____officer of the corporation.

☐ **TACKED AND MAILED SERVICE**   I have this day executed the within Affidavit and Summons by tacking a copy of the within process on the door of the premises designated in said action and also by depositing a true copy thereof in the United States mail in a properly addressed envelope marked for the Defendant at his last known address with sufficient postage affixed thereto.

☐ **GARNISHEE**   I have this day served the Summons of garnishment upon _____by handing the

original of same to _____, a person, at _____, he/she being

the_____ and agent in charge of_____ at the time of service in Chatham County.

☐ **MAILED  SERVICE**   This is to certify that I have this day served the defendant,_____with a copy of the within Affidavit and Summons by depositing a copy thereof in the United States mail, in an envelope properly addressed to the defendant at his last known address as shown in said Affidavit, with adequate postage affixed thereon.

☐ **DILIGENT SEARCH**   Diligent search was made and Defendant is not to be found in the jurisdiction, Chatham County.

_____
Sheriff / Deputy Sheriff, _____County, Georgia

PRINT   SearchGA

**EXHIBIT A**
**SHERIFF'S FIELD COPY**

23. Sheriff's Entry of Service  09-11



*Brian K. Hart* - Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

HELEN WATSON and  )
RANDALL WATSON,  )
 )
    Plaintiffs,  )
 )    CIVIL ACTION FILE NO.
v.  )    STCV20-01830
 )
SAM'S CLUB WEST, and  )
STORE MAN AGER ON  )
ON FEBRUARY 23, 2019 and JOHN  )
DOE 1-99  )

## DEFENDANTS' ANSWER AND DEFENSES TO
## PLAINTIFFS' COMPLAINT

Defendants Sam's Club West and Store Manager on February 23, 2019 file their Answer and Defenses to Plaintiffs' Complaint showing the Court as follows:

### FIRST DEFENSE

Pending investigation, Plaintiffs have failed to serve certain Defendants with process in this case and Plaintiffs claims are barred for failure of service of process and/or improper service of process. Any Defendant not properly served is answering by special appearance only and does not waive any defenses relating to service of process, statute of limitations, and laches.

### SECOND DEFENSE

Sam's Club West is not correctly identified in the Plaintiff's caption to her Complaint and is not a proper party to this case. Sam's Club East, Inc. is the corporate entity that operates the store in question. Defendants request that Plaintiffs dismiss Sam's Club West as a Defendant.

EXHIBIT A

## THIRD DEFENSE

Defendants did not manufacture or design the chair at issue and any claims for Products Liability and Strict Liability asserted by Plaintiffs against these Defendants are barred as a matter of law.

## FOURTH DEFENSE

Pending investigation and discovery, Plaintiffs' alleged causes of action are barred by the doctrine of assumption of the risk.

## FIFTH DEFENSE

Pending investigation and discovery, the injuries or damages alleged in Plaintiffs' Complaint were the direct and proximate result of the acts of persons or entities not under the supervision or control of these Defendants and Plaintiffs' cause of action is therefore barred as to these Defendants.

## SIXTH DEFENSE

Pending investigation and discovery, no act or omission of the part of these Defendants was the proximate cause of the incident and/or any damages alleged by Plaintiffs.

## SEVENTH DEFENSE

Pending investigation and discovery, Defendants breached no duty to Plaintiffs.

## EIGHTH DEFENSE

Pending investigation and discovery, the subject chair's design conformed to the state of the art at the time of manufacturing and at present.

## NINTH DEFENSE

Pending investigation and discovery, Plaintiffs' claims for damages fail to the extent they have been pled with insufficient particularity pursuant to O.C.G.A §9-11-9.

-2-

EXHIBIT A

**TENTH DEFENSE**

Pending investigation and discovery, Defendants deny that they are a manufacturer of the product alleged to be involved.

**ELEVENTH DEFENSE**

Pending investigation and discovery, Defendants deny that they are a designer of the product alleged to be involved.

**TWELFTH DEFENSE**

Defendants expressly deny any theory of liability as asserted by Plaintiffs. Without waiving the foregoing, Wal-Mart shows that damages must be apportioned pursuant to O.C.G.A. §51-12-33.

**THIRTEENTH DEFENSE**

Defendants reserve the right to amend their affirmative and other defenses and to raise any additional defense(s) which may be revealed though investigation and discovery.

**FOURTEENTH DEFENSE**

Pending investigation and discovery, Plaintiffs' Complaint, in whole or in part fails to state a cause of action against some or all Defendants for which relief may be granted.

**FIFTEENTH DEFENSE**

Defendants deny that Plaintiffs are entitled to attorneys' fees or expenses of litigation and deny all allegations relating to such claims.

**SIXTEENTH DEFENSE**

Defendants respond to the specific allegations contained in Plaintiffs' Complaint as follows:

EXHIBIT A

1.      Defendants are without knowledge sufficient to form a belief as to the truth of the allegations asserted in this paragraph of Plaintiff's Complaint and place Plaintiffs on strict proof of same.

2.      Denied as pled.  Defendants restate and incorporate their Second Defense.

3.      Denied as pled.

4.      Defendants are without knowledge sufficient to form a belief as to the truth of the allegations asserted in this paragraph of Plaintiff's Complaint.

5.      Defendants can neither admit nor deny these allegations.

6.      Subject matter jurisdiction and venue are admitted but pending investigation, Defendants incorporate their First Defense and deny this paragraph as pled to the extent it relates to personal jurisdiction.

### FACTS

7.      Denied as pled.  Defendants restate and incorporate their Second Defense.

8.      Denied.

9.      Pending investigation and discovery, Defendants are without knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff was an invitee at the time of the incident.  Defendants state that duties are set by law and Defendants deny that Plaintiffs have set forth an accurate or complete statement of Defendants' duties.  Defendants deny all allegations and inferences of negligence and liability.

10.     Pending investigation and discovery, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph.

11.     Pending investigation and discovery, denied as pled.

12.     Denied.

EXHIBIT A

## COUNT ONE
## FAILURE TO MAINTAIN PREMISES

13.      Defendants restate and incorporate their Defenses and responses to paragraphs 1 through 12 of Plaintiff's Complaint as if fully set forth herein.

14.      Defendants state that duties are set by law and Defendants deny that Plaintiffs have set forth an accurate or complete statement of Defendants' duties.  Defendants deny all allegations and inferences of negligence and liability.

15.      Denied.

16.      Denied.

## COUNT TWO
## FAILURE TO WARN

17.      Defendants restate and incorporate their Defenses and responses to paragraphs 1 through 16 of Plaintiff's Complaint as if fully set forth herein.

18.      Defendants state that duties are set by law and Defendants deny that Plaintiffs have set forth an accurate or complete statement of Defendants' duties.  Defendants deny all allegations and inferences of negligence and liability.

19.      Denied.

20.      Denied.

## COUNT THREE
## FAILURE TO INSPECT

21.      Defendants restate and incorporate their Defenses and responses to paragraphs 1 through 20 of Plaintiff's Complaint as if fully set forth herein.

22.      Defendants state that duties are set by law and Defendants deny that Plaintiffs have set forth an accurate or complete statement of Defendants' duties.  Defendants deny all allegations and inferences of negligence and liability.

-5-

EXHIBIT A

23.    Denied.

24.    Denied.

25.    Denied.

26.    Denied.

## COUNT FOUR
## RESPONDEAT SUPERIOR

27.    Defendants restate and incorporate their Defenses and responses to paragraphs 1 through 26 of Plaintiff's Complaint as if fully set forth herein.

28.    Denied.

## COUNT FIVE
## NEGLIGENT TRAINING/SUPERVISION

29.    Defendants restate and incorporate their Defenses and responses to paragraphs 1 through 28 of Plaintiff's Complaint as if fully set forth herein.

30.    Denied.

## COUNT SIX
## RES IPSA LOQUITER *[SIC]*

31.    Defendants restate and incorporate their Defenses and responses to paragraphs 1 through 30 of Plaintiff's Complaint as if fully set forth herein.

32.    Denied.

33.    Denied.

34.    Denied.

35.    Denied.

EXHIBIT A

RECEIVED FOR FILING, 4:21-CV-0004BWAFNHCLRO, document 1-1M
Brian K. Hart - Clerk of Court

**COUNT SEVEN**
**PRODUCTS LIABILITY**
**STRICT LIABILITY**

36.    Defendants restate and incorporate their Defenses and responses to paragraphs 1 through 35 of Plaintiff's Complaint as if fully set forth herein.

37.    Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph of Plaintiff's Complaint.  Defendants incorporate their Third Defense and deny all allegations and inferences that they are liable to Plaintiffs under any theory of Products Liability or Strict Liability.

38.    Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph of Plaintiff's Complaint.  Defendants incorporate their Third Defense and deny all allegations and inferences that they are liable to Plaintiffs under any theory of Products Liability or Strict Liability.

**COUNT EIGHT**
**PRODUCTS LIABILITY**
**NEGLIGENCE**

39.    Defendants restate and incorporate their Defenses and responses to paragraphs 1 through 38 of Plaintiff's Complaint as if fully set forth herein.

40.    Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph of Plaintiff's Complaint.  Defendants incorporate their Third Defense and deny all allegations and inferences that they are liable to Plaintiffs under any theory of Products Liability and deny all allegations and inferences of breach of duty, causation, and liability.

-7-

EXHIBIT A

*Brian K. Hart* - Clerk of Court

## COUNT NINE
## LOSS OF CONSORTIUM

41.     Defendants restate and incorporate their Defenses and responses to paragraphs 1 through 40 of Plaintiff's Complaint as if fully set forth herein.

42.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph of Plaintiff's Complaint. Defendants deny all allegations and inferences of negligence and liability contained within this paragraph.

43.     Defendants deny all allegations contained in Plaintiff's prayer for relief immediately following paragraph 42 of Plaintiff's Complaint and deny that Plaintiffs are entitled to any recovery against these Defendants.

44.     Defendants deny all allegations contained in Plaintiff's Complaint that have not been expressly admitted.

**DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE FOR ALL ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Respectfully submitted this 2nd day of November, 2020.

**DREW ECKL & FARNHAM, LLP**

*/s/     Leslie P. Becknell*
Michael L. Miller
Georgia Bar No. 508011
Leslie P. Becknell
Georgia Bar No. 046320

303 Peachtree Street, Suite 3500
Atlanta, GA 30308
Tel:     (404) 885-1400
MMiller@deflaw.com
LBecknell@deflaw.com

*[Signatures continued on following page]*

-8-

**EXHIBIT A**

_____/s/ Garret W. Meader_____
Garret W. Meader
Georgia Bar No. 142402
Carrie B. Coleman
Georgia Bar No. 602886

*Attorneys for Defendant*

777 Gloucester St., Suite 305
Brunswick, GA 31520
(912) 280-9662
GMeader@deflaw.com
CColeman@deflaw.com

-9-

EXHIBIT A

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a true and correct copy of the foregoing **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' COMPLAINT** upon opposing counsel via electronic mail, addressed as follows:

Dwight Feemster
Deffy & Feemster, LLC
340 Eisenbhower Drive, Suite 800
Savannah, GA 31406

This 2nd day of November 2020.

**DREW ECKL & FARNHAM, LLP**

*/s/      Leslie P. Becknell*
Michael L. Miller
Georgia Bar No. 508011
Leslie P. Becknell
Georgia Bar No. 046320

303 Peachtree Street, Suite 3500
Atlanta, GA 30308
Tel:     (404) 885-1400
MMiller@deflaw.com
LBecknell@deflaw.com

*/s/  Garret W. Meader*
Garret W. Meader
Georgia Bar No. 142402
Carrie B. Coleman
Georgia Bar No. 602886

*Attorneys for Defendant*

777 Gloucester St., Suite 305
Brunswick, GA  31520
(912) 280-9662
GMeader@deflaw.com
CColeman@deflaw.com

EXHIBIT A

*Brian K. Hart* - Clerk of Court

# IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| HELEN WATSON and | ) | |
| ROBERT WATSON, SR. | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Civil Action No. STCV20-01830 |
| v. | ) | |
| | ) | |
| SAM'S CLUB EAST, INC., | ) | |
| STORE MANAGER ON | ) | |
| FEBRUARY 23, 2019, and | ) | |
| JOHN DOES 1-99, | ) | |
| | ) | |
| Defendants. | ) | |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

COME NOW HELEN WATSON and ROBERT WATSON, Plaintiffs in the above-styled action, and file this, their First Amended Complaint, to correct misnomers of the Plaintiff, Robert Watson, Sr., who was erroneously referred to as "Randall" in the original Complaint and of the Defendant SAM'S CLUB EAST, INC., which was erroneously referred to as SAM'S CLUB WEST, INC. in the original Complaint. Plaintiffs state their claim as follows:

## VENUE AND JURISDICTION

1. Plaintiffs HELEN JOHNSON (hereinafter "HELEN" or "Plaintiff Helen") and ROBERT WATSON (hereinafter "ROBERT" or "Plaintiff ROBERT") are citizens of the State of Georgia and residents of Chatham County and are proper parties to this lawsuit.

2. Defendant SAM'S CLUB EAST, INC. [hereinafter referred to as "SAM'S CLUB"] is a foreign corporation registered to do business in the State of Georgia. SAM'S CLUB has an office/store in Chatham County, Georgia and transacts business in Chatham County, Georgia and, therefore, is subject to venue in this Honorable Court. Service of the Summons and Complaint can be perfected upon its Registered Agent, THE CORPORATION

**EXHIBIT A**

COMPANY(FL) at 112 North Main Street, Cumming, Forsyth County, Georgia 30040. Service was perfected on THE CORPORATION COMPANY(FL) on October 24, 2020. The summons was addressed to SAM'S CLUB EAST, INC.

3. Defendant Store Manager on February 23, 2019 [hereinafter Defendant Manager], at all times pertinent hereto was a manager of SAM'S CLUB'S store, located at 1975 E Montgomery Cross Rd, Savannah, GA 31406 [hereinafter referred to as "STORE #8202"]. Defendant Manager can be served with a copy of this Summons and Complaint at SAM'S CLUB, STORE #8202, located at 1975 E Montgomery Cross Rd, Savannah, GA 31406. Defendant's Sam's Club, its employees and Store Manager are sometimes collectively referred to hereinafter as "Defendants Sam's Club."

4. Defendants John Doe 1-99 are various unknown entities or individuals who designed manufactured, marketed, sold, distributed, and maintained a folding chair that was on display at the SAM'S CLUB on February 23, 2019.

5. Plaintiffs' Complaint arises out of an injury that Plaintiff Helen received while shopping at Defendants' place of business at 1975 E Montgomery Cross Rd, Savannah, GA 31406.

6. Jurisdiction and venue are proper in this Court.

**FACTS**

7. Upon information and belief prior to February 23, 2019 the Defendant SAM'S CLUB had contracted with JOHN DOE(S) to purchase a folding chair to be sold by the Defendant Sam's Club. The folding chair was on the premises of the Defendant Sam's Club at store number 8202 on February 23, 2019.

8. On February 23, 2019, Defendant Manager was an agent, employee and/or servant of Defendant Sam's Club and at all relevant times on said date was acting within the scope of

EXHIBIT A

his agency, employment, or service and under the authority or at the direction of Defendant Sam's Club. Defendant Sam's Club is liable to Plaintiff for all damages caused by Defendant Manager under the doctrine of respondent superior or vicarious liability.

9.  On or about February 23, 2019, Plaintiff Helen was an invitee on the premises of Defendant SAMS CLUB in its STORE #2860 [hereinafter "Store"] and was there shopping. At all times pertinent, the Defendants owed Plaintiff a duty to exercise ordinary care in keeping the premises of and approaches to the store safe.

10. The chair provided by the Defendant John Doe(s) was defective when it left the possession of the Defendant John Doe(s) and the defect caused injury to the Plaintiff Helen, Defendants John Doe(s) are strictly liable to Plaintiff for the injures caused by the defective chair.

11. Contemporaneously with the presence of the plaintiff Helen on the premises of store number 2860 the Defendants Sam's Club had placed the folding chair in a display with other assorted chairs for its customers to view, try out and possibly purchase. The plaintiff Helen sat down in the folding chair and the chair immediately collapsed resulting in injury to the Plaintiff Helen.

12. Plaintiff' injuries were proximately caused by the negligence of Defendant Sam's Club and/or its employees, Store Manager and John Doe(s). The Defendants Sam's Club, in the exercise of ordinary care, knew or should have known of the defect in the chair. The Plaintiff had no constructive or actual knowledge of the defect in the chair and in the exercise of ordinary care for her own safety was not able to detect the defect The presence of the defect could have been prevented, discovered and remedied by the Defendants in the exercise of ordinary care before the Plaintiff was injured. Plaintiff Helen suffered damages because of

EXHIBIT A

the failure of the Defendants to exercise due care in inspecting, maintaining the chair, and/or removing the chair from the display.

## COUNT ONE
## FAILURE TO MAINTAIN PREMISES

Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 10 of this Complaint as if repeated herein as paragraph No. 13.

14. At all relevant times, Defendants owed Plaintiff a duty to maintain Defendants' premises and inventory in a safe condition.

15. Defendants breached the duty owed to Plaintiff by failing to maintain the folding chair in a safe condition.

16. Defendants' negligent, careless, and reckless conduct is the direct and proximate cause of Plaintiff's damages.

## COUNT TWO
## FAILURE TO WARN

Plaintiffs repeat, re-allege, and incorporate by reference the allegations of paragraphs 1 through 16 of this Complaint as if repeated herein as paragraph No. 17.

18. At all relevant times, Defendants owed Plaintiff a duty to warn Plaintiff of the defective or dangerous condition of the folding chair in the defendant Sam's Club store

19. Defendants breached its duty owed to Plaintiff when Defendants failed to warn Plaintiff of the dangerous condition of the defect in the folding chair

20. Defendants' negligent, careless, and reckless conduct is the direct and proximate cause of Plaintiff's damages.

EXHIBIT A

## COUNT THREE
## FAILURE TO INSPECT

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 20 of this Complaint as if repeated herein as paragraph No. 21.

22. At all relevant times, Defendants owed Plaintiff a duty to inspect Defendants' premises, inventory, and merchandise for dangerous or defective conditions.

23. Defendants breached their duty owed to Plaintiff by failing to inspect the premises, inventory and merchandise for dangerous or defective conditions. Such breach constitutes negligence.

24. As a direct and proximate result of Defendants' negligence Plaintiff suffered severe bodily injuries including serious and permanent physical injuries, substantial and continuing pain, suffering, emotional pain and discomfort, both past and future, and medical expenses, both past and future.

25. As a direct and proximate result of Defendants' negligence Plaintiff is entitled to an award of special damages for past and future medical expenses in an amount to be shown at trial, and general damages in an amount to be determined by a jury of Plaintiff's peers against Defendants, all in an amount in excess of $10,000.00.

26. Defendants have acted in bad faith, have been stubbornly litigious, and have caused Plaintiff unnecessary trouble and expense. Therefore, pursuant to O.C.G.A. §13-6-11, Plaintiff requests that she be awarded the expenses of this litigation, including reasonable attorney fees.

## COUNT FOUR
## RESPONDEAT SUPERIOR

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 26 of this Complaint as if repeated herein as paragraph No. 27.

EXHIBIT A

28. An employee or employees of Defendant SAM's CLUB was negligent in maintaining the cleanliness of the floor and performance of his or her duties and as a result, Defendant SAM'S CLUB is liable for the damages suffered by Plaintiff Helen Watson.

### COUNT FIVE
### NEGLIGENT TRAINING/SUPERVISION

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 28 of this Complaint as if repeated herein as paragraph No. 29.

30. Defendant Manager was the manager of SAM'S Club Store #2860 before and at the time of the incident in question. Defendant Manager was negligent in his training and supervision of employees of Defendant SAM's CLUB in that he/she did not properly train or supervise the employees in the manner of performing their duties, and as a result, Helen suffered injuries.

### COUNT SIX
### RES IPSA LOQUITER

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 30 of this Complaint as if repeated herein as paragraph No. 31.

32. The injuries suffered by Plaintiff are the kind which ordinarily does not occur in the absence of someone's negligence.

33. At all times pertinent hereto the folding chair was within the exclusive control of the Defendant's SAM'S CLUB.

34. The defective condition of the folding chair and the injuries suffered by the Plaintiff were not due to any voluntary action or contribution on the part of the plaintiff.

35. Accordingly, the Defendants Sam Club are liable to the Plaintiff for her damages.

EXHIBIT A

**COUNT SEVEN**
**PRODUCTS LIABILITY**
**STRICT LIABILITY**

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 35 of this Complaint as if repeated herein as paragraph No. 36.

37.     The folding chair was in a defective condition when it left the possession of the Defendant's John Doe 1-99 and said defect caused the injuries suffered by the Plaintiff.

38.     Accordingly, Defendant John Doe 1 is strictly liable to the Plaintiffs for the injuries and damages suffered as alleged herein.

**COUNT EIGHT**
**PRODUCTS LIABILITY**
**NEGLIGENCE**

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 38 of this Complaint as if repeated herein as paragraph No. 39.

40.     Defendants John Doe owed a duty to the Plaintiff to ensure that the Defendants Sam's Club were familiar with the folding chair and its safe operation and maintenance and the Defendant John Doe failed to adequately train or inform the Defendants Sam's Club of the proper use , operation and maintenance of said folding chair and as a result thereof the plaintiff suffered the injuries complained of herein.

**COUNT NINE**
**LOSS OF CONSORTIUM**

Plaintiff repeats, re-alleges, and incorporates by reference the allegations of paragraphs 1 through 40 of this Complaint as if repeated herein as paragraph No. 41.

42.     Helen was married to Robert at the time of the incident and has continued to be married to Robert. As a result, Plaintiff Robert has suffered a loss of consortium and is entitled to be compensated for his loss.

EXHIBIT A

WHEREFORE, Plaintiffs pray as follows:

(a)    For a jury of twelve;

(b)    For judgment against the Defendants in an amount to compensate Plaintiff Helen for her special damages, including medical bills and other special damages;

(c)    For judgment against the Defendants in an amount to compensate Plaintiff HELEN for her general damages, including pain and suffering, great inconvenience, mental stress, worry, anxiety and other general damages.

(d)    For judgment against Defendants in an amount to compensate Plaintiff ROBERT for his loss of consortium;

(e)    For such other and further relief as this Court deems appropriate under the circumstances.

Respectfully submitted, this 5th day of October 2020.

DUFFY & FEEMSTER, LLC

340 Eisenhower Drive
Suite 800, Second Floor
Savannah, GA 31406
Phone: (912) 236-6311
Fax: (912) 236-6423
Dwight@duffyfeemster.com

/s/ Dwight T. Feemster
DWIGHT T. FEEMSTER
Georgia State Bar No. 257253
*Attorney for Plaintiffs*

EXHIBIT A

## CERTIFICATE OF SERVICE

This is to certify that I have this day served all parties with a true and accurate copy of the foregoing **PLAINTIFFS' FIRST AMENDED COMPLAINT** by:

_____    Facsimile to:


\_\_X\_\_    via notice of electronic filing which was generated as a result of electronic filing in this Court OR via STATUTORY ELECTRONIC NOTICE via email to:

**DREW ECKL & FARNHAM, LLP**
Michael L. Miller
Leslie P. Becknell
303 Peachtree Street, Suite 3500
Atlanta, GA 30308
Tel: (404) 885-1400
MMiller@deflaw.com
LBecknell@deflaw.com

Garret W. Meader
Carrie B. Coleman
777 Gloucester St., Suite 305
Brunswick, GA 31520
(912) 280-9662
GMeader@deflaw.com
CColeman@deflaw.com

_____    US Mail to:
_____    Hand delivery to:


This _____ day of November, 2020.


340 Eisenhower Drive                    **DUFFY & FEEMSTER, LLC**
Suite 800, Second Floor
Savannah, GA 31406                      */s/ Dwight T. Feemster* _____

*Watson, et al v. Sam's Club, et al*                                      COMPLAINT
State Court of Chatham County, Georgia                     Page 9 of 10
Civil Action No. STCV20-01830

**EXHIBIT A**

Phone: (912) 236-6311                    DWIGHT T. FEEMSTER
Fax: (912) 236-6423                      Georgia State Bar No. 257253
Dwight@duffyfeemster.com                 *Attorney for Plaintiff*

*Watson, et al v. Sam's Club, et al*                    COMPLAINT
State Court of Chatham County, Georgia                   Page 10 of 10
Civil Action No. STCV20-01830

EXHIBIT A

RECEIVED FOR FILING STATE COURT OF CHATHAM COUNTY 2/15/2021 12:31 PM

*Brian R. Hart* - Clerk of Court

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| HELEN WATSON and<br>ROBERT WATSON, SR.<br><br>    Plaintiffs,<br><br>v.<br><br>SAM'S CLUB EAST, and<br>STORE MANAGER ON<br>ON FEBRUARY 23, 2019 and JOHN<br>DOE 1-99 | )<br>)<br>)<br>}<br>)    CIVIL ACTION FILE NO.<br>)    STCV20-01830<br>)<br>)<br>)<br>)<br>) |

### DEFENDANTS' ANSWER AND DEFENSES TO
### PLAINTIFFS' FIRST AMENDED COMPLAINT

Defendants Sam's Club East and Store Manager on February 23, 2019 file their Answer and Defenses to Plaintiffs' Amended Complaint showing the Court as follows:

### FIRST DEFENSE

Pending investigation, Plaintiffs have failed to serve certain Defendants with process in this case and Plaintiffs' claims are barred for failure of service of process and/or improper service of process. Any Defendant not properly served is answering by special appearance only and does not waive any defenses relating to service of process, statute of limitations, and laches.

### SECOND DEFENSE

Defendants did not manufacture or design the chair at issue and any claims for Products Liability and Strict Liability asserted by Plaintiffs against these Defendants are barred as a matter of law.

### THIRD DEFENSE

Pending investigation and discovery, Plaintiffs' alleged causes of action are barred by the doctrine of assumption of the risk.

EXHIBIT A

## FOURTH DEFENSE

Pending investigation and discovery, the injuries or damages alleged in Plaintiffs' Amended Complaint were the direct and proximate result of the acts of persons or entities not under the supervision or control of these Defendants and Plaintiffs' cause of action is therefore barred as to these Defendants.

## FIFTH DEFENSE

Pending investigation and discovery, no act or omission of the part of these Defendants was the proximate cause of the incident and/or any damages alleged by Plaintiffs.

## SIXTH DEFENSE

Pending investigation and discovery, Defendants breached no duty to Plaintiffs.

## SEVENTH DEFENSE

Pending investigation and discovery, the subject chair's design conformed to the state of the art at the time of manufacturing and at present.

## EIGHTH DEFENSE

Pending investigation and discovery, Plaintiffs' claims for damages fail to the extent they have been pled with insufficient particularity pursuant to O.C.G.A §9-11-9.

## NINTH DEFENSE

Pending investigation and discovery, Defendants deny that they are a manufacturer of the product alleged to be involved.

## TENTH DEFENSE

Pending investigation and discovery, Defendants deny that they are a designer of the product alleged to be involved.

**EXHIBIT A**

## ELEVENTH DEFENSE

Defendants expressly deny any theory of liability as asserted by Plaintiffs. Without waiving the foregoing, Wal-Mart shows that damages must be apportioned pursuant to O.C.G.A. §51-12-33.

## TWELFTH DEFENSE

Defendants reserve the right to amend their affirmative and other defenses and to raise any additional defense(s) which may be revealed though investigation and discovery.

## THIRTEENTH DEFENSE

Pending investigation and discovery, Plaintiffs' Amended Complaint, in whole or in part fails to state a cause of action against some or all Defendants for which relief may be granted.

## FOURTEENTH DEFENSE

Defendants deny that Plaintiffs are entitled to attorneys' fees or expenses of litigation and deny all allegations relating to such claims.

## FIFTEENTH DEFENSE

Defendants respond to the specific allegations contained in Plaintiffs' Amended Complaint as follows:

1.      Defendants are without knowledge sufficient to form a belief as to the truth of the allegations asserted in this paragraph of Plaintiff's Complaint and place Plaintiffs on strict proof of same.

2.      Denied as pled.

3.      Denied as pled.

4.      Defendants are without knowledge sufficient to form a belief as to the truth of the allegations asserted in this paragraph of Plaintiff's Complaint.

-3-

5.     Defendants can neither admit nor deny these allegations. Defendants deny all allegations and inferences of negligence and liability.

6.     Subject matter jurisdiction and venue are admitted but pending investigation, Defendants incorporate their First Defense and deny this paragraph as pled to the extent it relates to personal jurisdiction.

<div align="center"><strong><u>FACTS</u></strong></div>

7.     Admitted.

8.     Denied.

9.     Pending investigation and discovery, Defendants are without knowledge sufficient to form a belief as to the truth of the allegation that Plaintiff was an invitee at the time of the incident.  Defendants state that duties are set by law and Defendants deny that Plaintiffs have set forth an accurate or complete statement of Defendants' duties.  Defendants deny all allegations and inferences of negligence and liability.

10.     Pending investigation and discovery, Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph.

11.     Pending investigation and discovery, denied as pled.

12.     Denied.

<div align="center"><strong><u>COUNT ONE</u><br><u>FAILURE TO MAINTAIN PREMISES</u></strong></div>

13.     Defendants restate and incorporate their Defenses and responses to paragraphs 1 through 12 of Plaintiff's Complaint as if fully set forth herein.

14.     Defendants state that duties are set by law and Defendants deny that Plaintiffs have set forth an accurate or complete statement of Defendants' duties.  Defendants deny all allegations and inferences of negligence and liability.

<div align="center">-4-</div>

<div align="center" style="color:red"><strong>EXHIBIT A</strong></div>

15.     Denied.

16.     Denied.

## COUNT TWO
## FAILURE TO WARN

17.     Defendants restate and incorporate their Defenses and responses to paragraphs 1 through 16 of Plaintiff's Complaint as if fully set forth herein.

18.     Defendants state that duties are set by law and Defendants deny that Plaintiffs have set forth an accurate or complete statement of Defendants' duties.  Defendants deny all allegations and inferences of negligence and liability.

19.     Denied.

20.     Denied.

## COUNT THREE
## FAILURE TO INSPECT

21.     Defendants restate and incorporate their Defenses and responses to paragraphs 1 through 20 of Plaintiff's Complaint as if fully set forth herein.

22.     Defendants state that duties are set by law and Defendants deny that Plaintiffs have set forth an accurate or complete statement of Defendants' duties.  Defendants deny all allegations and inferences of negligence and liability.

23.     Denied.

24.     Denied.

25.     Denied.

26.     Denied.

EXHIBIT A

## COUNT FOUR
## RESPONDEAT SUPERIOR

27.      Defendants restate and incorporate their Defenses and responses to paragraphs 1

through 26 of Plaintiff's Complaint as if fully set forth herein.

28.      Denied.

## COUNT FIVE
## NEGLIGENT TRAINING/SUPERVISION

29.      Defendants restate and incorporate their Defenses and responses to paragraphs 1

through 28 of Plaintiff's Complaint as if fully set forth herein.

30.      Denied.

## COUNT SIX
## RES IPSA LOQUITER *[SIC]*

31.      Defendants restate and incorporate their Defenses and responses to paragraphs 1

through 30 of Plaintiff's Complaint as if fully set forth herein.

32.      Denied.

33.      Denied.

34.      Denied.

35.      Denied.

## COUNT SEVEN
## PRODUCTS LIABILITY
## STRICT LIABILITY

36.      Defendants restate and incorporate their Defenses and responses to paragraphs 1

through 35 of Plaintiff's Complaint as if fully set forth herein.

37.      Defendants are without knowledge sufficient to form a belief as to the truth of the

allegations contained within this paragraph of Plaintiff's Complaint.  Defendants incorporate

EXHIBIT A

their Third Defense and deny all allegations and inferences that they are liable to Plaintiffs under any theory of Products Liability or Strict Liability.

38.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph of Plaintiff's Complaint.  Defendants incorporate their Third Defense and deny all allegations and inferences that they are liable to Plaintiffs under any theory of Products Liability or Strict Liability.

**COUNT EIGHT**
**PRODUCTS LIABILITY**
**NEGLIGENCE**

39.     Defendants restate and incorporate their Defenses and responses to paragraphs 1 through 38 of Plaintiff's Complaint as if fully set forth herein.

40.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph of Plaintiff's Complaint.  Defendants incorporate their Third Defense and deny all allegations and inferences that they are liable to Plaintiffs under any theory of Products Liability and deny all allegations and inferences of breach of duty, causation, and liability.

**COUNT NINE**
**LOSS OF CONSORTIUM**

41.     Defendants restate and incorporate their Defenses and responses to paragraphs 1 through 40 of Plaintiff's Complaint as if fully set forth herein.

42.     Defendants are without knowledge sufficient to form a belief as to the truth of the allegations contained within this paragraph of Plaintiff's Complaint.  Defendants deny all allegations and inferences of negligence and liability contained within this paragraph.

**EXHIBIT A**

43.     Defendants deny all allegations contained in Plaintiff's prayer for relief immediately following paragraph 42 of Plaintiff's Complaint and deny that Plaintiffs are entitled to any recovery against these Defendants.

44.     Defendants deny all allegations contained in Plaintiff's Complaint that have not been expressly admitted.

**DEFENDANTS DEMAND A TRIAL BY JURY OF TWELVE FOR ALL ISSUES NOT SUBJECT TO SUMMARY ADJUDICATION.**

Respectfully submitted this 17th day of December, 2020.

**DREW ECKL & FARNHAM, LLP**

*/s/     Leslie P. Becknell*
Michael L. Miller
Georgia Bar No. 508011
Leslie P. Becknell
Georgia Bar No. 046320

303 Peachtree Street, Suite 3500
Atlanta, GA 30308
Tel:     (404) 885-1400
MMiller@deflaw.com
LBecknell@deflaw.com

*/s/  Garret W. Meader*
Garret W. Meader
Georgia Bar No. 142402
Carrie B. Coleman
Georgia Bar No. 602886

*Attorneys for Defendant*

777 Gloucester St., Suite 305
Brunswick, GA  31520
(912) 280-9662
GMeader@deflaw.com
CColeman@deflaw.com

-8-

**EXHIBIT A**

## CERTIFICATE OF SERVICE

This is to certify that the undersigned has served a true and correct copy of the foregoing **DEFENDANTS' ANSWER AND DEFENSES TO PLAINTIFFS' FIRST AMENDED COMPLAINT** upon opposing counsel via electronic mail, addressed as follows:

Dwight Feemster
Deffy & Feemster, LLC
340 Eisenbhower Drive, Suite 800
Savannah, GA 31406

This 17th day of December, 2020.

**DREW ECKL & FARNHAM, LLP**

/s/      Leslie P. Becknell
Michael L. Miller
Georgia Bar No. 508011
Leslie P. Becknell
Georgia Bar No. 046320

303 Peachtree Street, Suite 3500
Atlanta, GA 30308
Tel:     (404) 885-1400
MMiller@deflaw.com
LBecknell@deflaw.com

/s/  Garret W. Meader
Garret W. Meader
Georgia Bar No. 142402
Carrie B. Coleman
Georgia Bar No. 602886

*Attorneys for Defendant*

777 Gloucester St., Suite 305
Brunswick, GA  31520
(912) 280-9662
GMeader@deflaw.com
CColeman@deflaw.com

EXHIBIT A

## IN THE STATE COURT OF CHATHAM COUNTY
## STATE OF GEORGIA

HELEN WATSON and )
ROBERT WATSON, SR. )
 )
    Plaintiffs, }
 )    CIVIL ACTION FILE NO.
v. )    STCV20-01830
 )
SAM'S CLUB EAST, and )
STORE MANAGER ON )
ON FEBRUARY 23, 2019 and JOHN )
DOE 1-99 )

### STIPULATION EXTENDING TIME

    Pursuant to OCGA § 9-11-6(b) and within the time allowed by law, Plaintiff hereby stipulates that the time within which Defendants Walmart Inc. and Walmart Stores East LP may answer, object, or otherwise respond to Plaintiff's written discovery requests (First Requests for Production of Documents and First Interrogatories) shall be extended through and including **February 15, 2021.**

    This 5th day of February, 2021.

**CONSENTED TO AND AGREED UPON BY:**

                    **DUFFY & FEEMSTER, LLC**

                    /s/ Dwight Feemster
                    *Signed with express permission by Leslie P. Becknell*

                    DWIGHT FEEMSTER
                    Georgia Bar No. 257253
                    Attorney for Plaintiffs

340 Eisenhower Drive
Suite 800, Second Floor
Savannah, GA 31406
(912) 236-6311
Dwight@duffyfeemster.com

**EXHIBIT A**

**DREW, ECKL & FARNHAM, LLP**

*/s/ Leslie P. Becknell*

_____
MICHAEL L. MILLER
Georgia Bar No. 508011
LESLIE P. BECKNELL
Georgia Bar No. 046320
Attorneys for Defendants

303 Peachtree Street, NE
Suite 3500
Atlanta, GA  30308
(404) 885-1400
millerm@deflaw.com
becknelll@deflaw.com
11286283/1
05695-184121

**EXHIBIT A**